UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

### CASE NO. 13-CV-10095-JLK

ENOS MITCHELL and ORA LEE MITCHELL,

      Plaintiff,

vs.

MONROE COUNTY, FLORIDA,

      Defendant.

_____/

### ORDER DENYING PLAINTIFFS' MOTION TO DISMISS ENTIRE CASE

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Dismiss Entire Case and Memorandum of Law (DE #57). Therein, Plaintiffs seek an Order pursuant to Fed. R. Civ. P. 41(a)(2), allowing Plaintiffs to voluntarily dismiss—without prejudice—the entire case[1] because "Plaintiffs have determined that it is in their best interest to dismiss the entire case in order to… ripen their taking claim." This determination that their claim is not ripe comes two years after they filed their case, and though Defendant has been defending on the basis that Plaintiffs' claims aren't ripe throughout this litigation, Plaintiffs would have the Court essentially excuse their failure to investigate their claims before bringing them to the Court. After careful consideration, the Court has determined that Plaintiffs' Motion must be denied.

---

[1] The Court previously denied Plaintiffs' Motion to Dismiss only Count II of their First Amended Complaint because Rule 41(a)(2) only speaks to the dismissal of an entire action, not simply one count or claim in an action. *See* DE #44. Because the Court disposed of that Motion on the grounds that the Rules didn't provide the relief Plaintiffs sought, the Court had no occasion there to address the arguments raised by Defendant relating to the prejudice it would suffer were the Court to allow for the voluntary dismissal at this late stage in the litigation—two years after the case was originally filed, after much pleading and motion practice, and after the Court has already heard argument on summary judgment.

The Eleventh Circuit has held that "voluntary dismissal without prejudice is not a matter of right," rather, "the decision whether or not to grant such a dismissal is within the sound discretion of the district court" and "Rule 41(a)(2) exists chiefly for protection of the defendants." *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991) (internal citations omitted). And though "voluntary dismissal should be allowed under Rule 41(a)(2) unless the defendant will suffer some 'plain prejudice other than the mere prospect of a second lawsuit,'" *Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) (quoting *Fisher*, 940 F.2d at 1503) Defendant here claims that plain prejudice would result from allowing these Plaintiffs to voluntarily dismiss at this late stage of the litigation.

In determining whether a defendant will suffer plain legal prejudice, "the Court should consider such factors as 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* When the Court considers those factors in this case, it becomes clear that plain legal prejudice would result from allowing Plaintiffs to voluntarily dismiss.

First, the Defendant's costs and fees on this case (from private retained counsel alone, and exclusive of time and effort expended by the County Attorney's Office) expended in Defendant's preparation for the trial of this matter "total approximately $50,000." *See* Defendant Monroe County's Response to Plaintiff's Motion to Dismiss Entire Case (DE #59). Second, it is plain that Plaintiffs lack of diligence in investigating their claim over the two years this case has been pending, and determining that their claim in fact is not ripe only *after* summary judgment on this issue was fully briefed and argued at hearing, when this has been Defendant's defense all along has resulted in Defendant's outlay of those expenses and efforts being admittedly unnecessary.

2

Plaintiffs' simple explanation that they finally understand the law and realize that their claim is not ripe is insufficient to allow their voluntary dismissal in this case.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion to Dismiss Entire Case and Memorandum of Law **(DE #57)** be, and the same hereby is **DENIED**.

**DONE AND ORDERED** in Chambers, Miami Dade County, Florida this 8th day of April, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
**All Counsel of Record**